# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

HUMAN RIGHTS DEFENSE CENTER,
1028 N. Federal Highway
Lake Worth Beach, FL 33460,

    Plaintiff,

vs.

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, DC 20530,

and

U.S. MARSHALS SERVICE
Office of General Counsel
CG-3 15th Floor
Washington, D.C. 20530,

    Defendants.

Civil Case No. 19-1555

**COMPLAINT**
(Freedom of Information Act)

Plaintiff, Human Rights Defense Center ("HRDC"), brings this action against Defendants, the U.S. Department of Justice ("DOJ") and its component agency the U.S. Marshals Service ("USMS"), to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

As further alleged below, HRDC seeks certain documents from USMS that are directly relevant to HRDC's mission to advocate on behalf of the rights and interests of incarcerated individuals. Although USMS released certain documents to HRDC, USMS failed to produce all records responsive to HRDC's FOIA request. HRDC seeks to compel Defendants to comply

with their obligations under FOIA by performing a reasonable search for responsive records and producing all records that are releasable under FOIA.

HRDC alleges as follows:

**PARTIES**

1. Plaintiff Human Rights Defense Center is a 501(c)(3) non-profit corporation incorporated under the laws of the state of Washington, with its principal offices located in Lake Worth Beach, Florida.

2. Defendant U.S. Department of Justice is a Department of the Executive Branch of the U.S. Government and is an agency within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1). Defendant U.S. Marshals Service is a component of DOJ.

3. Defendant USMS has possession, custody, and control of the documents that Plaintiff seeks in response to its FOIA requests.

**JURISDICTION & VENUE**

4. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

**STATEMENT OF FACTS**

6. Human Rights Defense Center, previously known as Prison Legal News, has dedicated the last 27 years to its mission of supporting the rights of prisoners, furthering basic human rights, and promoting government transparency and accountability through education, prisoner outreach, and advocacy.

7. HRDC's advocacy efforts include publishing and distributing magazines, books, and other written materials that discuss issues, news, and opinions related to the rights and interests of incarcerated individuals.

8. One of HRDC's publications is *Prison Legal News*, a 72-page legal magazine that covers prison-related news and litigation nationwide. Published monthly since 1990, *Prison Legal News* has roughly 9,000 subscribers across all 50 states. Subscribers of *Prison Legal News* include lawyers, journalists, judges, courts, public libraries, and universities, as well as prisoners. *Prison Legal News* also publishes content on its website, which receives up to 100,000 visits each month.

9. Since November 2017, HRDC has also published *Criminal Legal News*, a legal journal that reports on state and federal criminal cases. In particular, *Criminal Legal News* focuses on legal developments that affect the nature and duration of confinement, as well as civil rights litigation against police, prosecutors, and court systems.

10. To publish *Prison Legal News* and *Criminal Legal News*, and to promote its efforts related to transparency and accountability in the prison system, HRDC gathers information from state and federal governmental entities through FOIA and other public records requests.

11. On December 4, 2018, HRDC submitted a FOIA request to USMS via email, seeking records related to deaths of prisoners while in USMS custody ("the Death Reports Request").

12. Specifically, the Death Reports Request sought "all reports of prisoner deaths submitted to Chief of Detention Operations, POD [Prisoner Operations Division], as contemplated in USMS Policy 9.32, Death of Federal Prisoners, Section E(6), dated from January 1, 2013 to the date at which [the Death Reports Request] begins to be processed."

13. USMS Policy 9.32, Death of Federal Prisoners, Section E(6) ("Policy Directive 9.32(E)(6)"), provides that for each death of a prisoner in USMS custody, USMS must forward

to the Chief of Detention Operations, Prisoner Operations Division, a complete report including the following information, as applicable:

  (a) Name, date of birth, Social Security Number (if known), last known residence, charges, arresting agency, next of kin, date of and bases for admission to detention facility, and name and location of detention facility;

  (b) Statement of institution officials reporting circumstances surrounding prisoner's illness, injury, or sudden death, including dates and hours when prisoner became ill or was injured, and when physician was notified, or if death was sudden, the time the body was found and the time the prisoner was last seen alive;

  (c) Date and time of removal to hospital if such occurred;

  (d) Statement of detention facility physician or other physician in attendance describing condition of prisoner when first seen, hours and dates of visits to detention facility or hospital, treatment given, and cause of death;

  (e) Report of coroner or medical examiner's findings, if called, and copy of report of autopsy, if conducted;

  (f) Name and address of relative to whom the body was released;

  (g) Name of funeral home, common carrier, and breakdown of total expenses incurred; and

  (h) Certificate of death.

14. The documents requested in the Death Reports Request are essential to HRDC's work to advocate on behalf of the rights and interests of incarcerated individuals through the publication of *Prison Legal News*, *Criminal Legal News*, and other written works.

15. On February 19, 2019, USMS sent HRDC a letter acknowledging receipt of HRDC's Death Reports Request and indicating that the agency had "commenced a search for documents responsive to [the] request."

16. On April 1, 2019, HRDC received a final determination letter from USMS stating that the agency had "conducted a search of its files in the Prisoner Operation Division" and "located 193 pages of documents responsive" to HRDC's Death Records Request. Along with the letter, USMS released 193 pages of documents, with names of Deputy U.S. Marshals and other law enforcement officers redacted pursuant to exemptions (b)(7)(C) and (b)(7)(F) of the FOIA statute.

17. On April 11, 2019, HRDC timely filed an administrative appeal challenging the adequacy of USMS's search for records responsive to the Death Records Request.

18. Specifically, HRDC argued that the records released to HRDC on April 1, 2019 lacked several categories of information and documents that are required to be submitted to the Prisoner Operations Division pursuant to Policy Directive 9.32(E)(6), including: the deceased prisoner's date of birth, last known residence, charges, arresting agency, next of kin, and basis for admission to detention facility; date and time of removal to hospital; statements from detention facility physician or other physician in attendance; report of coroner or medical examiner's findings and copy of report of autopsy; name and address of relative to whom the body was released; name of funeral home, common carrier, and breakdown of total expenses incurred; and Certificate of Death.

19. USMS received HRDC's administrative appeal by Federal Express on April 12, 2019.

20.     Pursuant to FOIA, within 20 business days of receipt of HRDC's administrative appeal — that is, no later than May 9, 2019 — USMS was required to make a determination with respect to HRDC's appeal.  5 U.S.C. § 552(a)(6)(A)(ii).

21.     To date, HRDC has received no response from USMS regarding HRDC's April 12, 2019 administrative appeal.

22.     Thus, USMS has not rendered a decision on the April 12, 2019 administrative appeal within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(C), and HRDC has exhausted its administrative remedies.

**COUNT I - FAILURE TO COMPLY WITH FOIA**

23.     HRDC incorporates each of the foregoing paragraphs of this Complaint.

24.     Pursuant to FOIA, 5 U.S.C. § 552(a), HRDC has a statutory right to access requested agency records.

25.     Defendants have failed to comply with the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(ii).

26.     Defendants have failed to conduct a reasonable search for records responsive to the Death Reports Request.

27.     Defendants have failed to properly respond to HRDC's record request.

**PRAYER FOR RELIEF**

WHEREFORE, HRDC respectfully requests that this Court enter a judgment for Plaintiff and award the following relief:

a.      Order Defendants, by a date certain, to conduct a search that is reasonably likely to lead to the discovery of any and all records responsive to Plaintiff's request;

b.      Order Defendants, by a date certain, to demonstrate that it has conducted an adequate search;

c. Order Defendants, by a date certain, to produce to Plaintiff any and all non-exempt records or portions of records responsive to Plaintiff's request, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

d. Enjoin Defendants from withholding the requested records;

e. Award Plaintiff its costs and attorney's fees reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and,

f. Grant Plaintiff such other and further relief as the Court may deem just and proper.

May 28, 2019                                        Respectfully submitted,


*/s/ Victor Ban*
Alan Pemberton (D.C. Bar No. 367108)
Catherine McGrath (D.C. Bar No. 1619601)
Victor Ban (D.C. Bar No. 1027211)
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
(202) 662-5642
apemberton@cov.com
cmcgrath@cov.com
vban@cov.com

Deborah M. Golden (D.C. Bar No. 470578)
Human Rights Defense Center
316 F Street, NE #107
Washington, DC 20002
(202) 543-8100
dgolden@humanrightsdefensecenter.org


ATTORNEYS FOR PLAINTIFF